IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA MASON and LAMONT DAVIS, on behalf of themselves and all other persons similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> HEARTLAND EMPLOYMENT SERVICES, LLC, <br><br> Defendant. | Case No. 1:19-cv-00680 <br><br> Judge Robert M. Dow Jr. |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Brenda Mason and Lamont Davis ("Plaintiffs") file this First Amended Class Action Complaint against Heartland Employment Services, LLC ("Defendant") for violations of the Illinois Biometric Information Privacy Act.

**SUMMARY OF CLAIMS**

1. Plaintiff Mason was employed by Defendant as a dietary cook and aid at the Heartland Health Care Center in Macomb, Illinois from approximately August 2016 to June 22, 2017.

2. Plaintiff Lamont was employed by Defendant as a central supply clerk and maintenance technician at ManorCare Health Services-Hinsdale in Hinsdale, Illinois from approximately February 16, 2018 to October 31, 2018.

3. Throughout Plaintiffs' employment, Defendant forced them and other hourly paid employees to use a biometric time clock system to record their time worked.

4. Defendant required Plaintiffs and other hourly employees to scan their fingerprints in Defendant's biometric time clock when they started working a shift, stopped for a break,

1

returned from a break, and finished working a shift.

5. Unlike an employee identification number or employee identification card, fingerprints are *unique* and *permanent* identifiers.

6. By requiring employees to use their fingerprints to record their time, instead of identification numbers or badges only, Defendant ensured that one employee could not clock in for another.

7. Thus, there's no question that Defendant benefited from using a biometric time clock.

8. But there's equally no question that Defendant placed employees at risk by using their biometric identifiers to "punch the clock."

9. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

10. As a result, Illinois restricted private entities, like Defendant, from collecting, storing, using, or transferring a person's biometric identifiers, and information derived from those identifiers, without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

11. Defendant collected, stored, used, and transferred the unique biometric fingerprint identifiers and information of Plaintiffs and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

12. As a result, Defendant violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric identifiers and information of Plaintiffs and others similarly situated.

**JURISDICTION AND VENUE**

13. This Court has personal jurisdiction over Defendant because, during the relevant time period, Defendant did business in Illinois, was registered to do business in Illinois, and committed the statutory violations alleged in this First Amended Class Action Complaint in Illinois.

14. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because Plaintiffs and Defendant are citizens of different states, there are potentially over 10,000 class members, and over $5,000,000 is in controversy. *See* ECF No. 1, Notice of Removal, ¶¶ 22-28.

15. Venue is proper in the Northern District of Illinois pursuant to 29 U.S.C. § 1391(a)(2) because the events giving rise to this action took place here.

**THE PARTIES**

16. Plaintiff Mason is an individual who lives in McDonough County, Illinois.

17. Plaintiff Davis is an individual who lives in Cook County, Illinois.

18. Defendant is an Ohio limited liability company.

19. Defendant's principal place of business is 333 North Summit Street, Toledo, Ohio 43604.

20. Defendant is a subsidiary or affiliate company of HCR ManorCare Health Services, LLC or ManorCare Health Services, LLC.

21. Defendant provides employees to nursing home and assisted living facilities operated by HCR ManorCare throughout the United States, including approximately 17 current locations currently operating in Illinois. *See* https://www.hcr-manorcare.com/locations/ (visited March 21, 2019).

## REQUIREMENTS OF THE BIOMETRIC PRIVACY INFORMATION ACT

22. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

23. The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

24. Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)(b).

25. In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it first creates a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

26. Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination

was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

**BACKGROUND FACTS**

27. When Plaintiffs scanned their fingerprints in Defendant's biometric time clock, Defendant captured and stored Plaintiffs' fingerprints, or a representation derived from Plaintiffs' fingerprints.

28. When Plaintiffs scanned their fingerprints in Defendant's biometric time clock, their fingerprints – or a representation of their fingerprints – were disseminated and disclosed to Defendant's time-keeping vendor.

29. Defendant never provided Plaintiffs any written materials about its collection, retention, destruction, use, or dissemination of their fingerprints or information derived from their fingerprints.

30. Defendant never obtained Plaintiffs' written consent, or release as a condition of employment, before collecting, storing, disseminating, or using their fingerprints or information based on their fingerprints.

31. Defendant violated Plaintiffs' privacy by capturing or collecting their unique biometric identifiers and information, and sharing those identifiers and information with its time-keeping vendor, without their knowledge or consent.

32. Defendant diminished the value of Plaintiffs' biometric identifiers and information by storing them without publishing data retention and destruction policies required by the Biometric Information Privacy Act.

33. Based on Defendant's violations of the informed-consent and data destruction/retention publishing policies of the Biometric Information Privacy Act, Plaintiffs

experience emotional distress over whether Defendant is currently storing, or will eventually dispose of, their biometric identifiers and information securely.

34. Plaintiffs also experience emotional distress because they recognize that they will not learn of any data breach that compromises their biometric identifiers and information until *after* that data breach has occurred.

### CLASS ACTION ALLEGATIONS

35. Plaintiffs seek to represent a class of hourly employees of Defendant in Illinois who were required to scan their fingerprints in Defendant's biometric time clock system ("the Class").

36. Plaintiffs and the Class are similar to one another because they were all subject to the same allegedly illegal practices: being required to scan their fingerprints in Defendant's biometric time clock system despite Defendant failing to adhere to the requirements of the Biometric Information Privacy Act.

37. The Class includes more than 40 members and potentially over 10,000 members. *See* ECF No. 1, Notice of Removal, ¶ 28.

38. As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

39. The issues involved in this lawsuit present common questions of law and fact, including: whether Defendant required the Class to use their fingerprints to clock in and out during shifts; whether Defendant collected the Class's biometric identifiers or information; and whether Defendant complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act.

40. These common questions of law and fact predominate over the variations that may exist between members of the Class, if any.

41. Plaintiffs, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

42. If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

43. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

44. The books and records of Defendant are material to Plaintiffs' case as they disclose how and when Plaintiffs and the Class scanned their fingerprints in Defendant's biometric time clock system and what information Defendant provided Plaintiffs and the Class about the collection, retention, use, and dissemination of their biometric identifiers and information.

45. Plaintiffs and their counsel will fairly and adequately protect the interests of the Class.

46. Plaintiffs retained counsel experienced in complex class action litigation.

## COUNT I
### Violation of the Biometric Information Privacy Act
### (Class Action)

47. Plaintiffs reallege and incorporate the previous allegations of this Complaint.

48. Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

49. Plaintiffs' and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

50. Defendant has "biometric information" from Plaintiffs and the Class based on its acquisition and retention of information based on Plaintiffs' and the Class's fingerprints.

51. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiffs' and the Class's fingerprints and information based on their fingerprints without first informing them in writing that Defendant was doing so.

52. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiffs' and the Class's fingerprints and information based on their fingerprints without first informing them in writing of the purpose of Defendant doing so and the length of time Defendant would store and use Plaintiffs' and the Class's biometric identifiers and/or biometric information.

53. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiffs' and the Class's fingerprints and information based on their fingerprints without first obtaining their written consent or other release authorizing Defendant to capture or collect Plaintiffs' and the Class's biometric identifiers and/or biometric information.

54. Defendant violated the Biometric Information Privacy Act by possessing Plaintiffs' and the Class's fingerprints and information based on their fingerprints without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information.

55. Defendant violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiffs' and the Class's fingerprints and information based on their fingerprints to Defendant's time-keeping vendor without first obtaining their consent for that disclosure or dissemination.

56. Defendant knew or should have known of the requirements of the Biometric Information Privacy Act.

57. As a result, Defendant's violations of the Biometric Information Privacy Act were

reckless or, in the alternative, negligent.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendant as follows:

A. Awarding liquidated monetary damages to Plaintiffs and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C. Awarding Plaintiffs' reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D. Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

## JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully submitted,

Dated: March 21, 2019 /s/Douglas M. Werman
One of Plaintiffs' Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas P.C.
77 West Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008

David Fish (dfish@fishlawfirm.com)
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(630) 355-7590

Attorneys for Plaintiffs