IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA MASON and LAMONT DAVIS, on behalf of themselves and all other persons similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> HEARTLAND EMPLOYMENT SERVICES, LLC, <br><br> Defendant. | Case No. 1:19-cv-00680 <br><br> Judge Robert M. Dow Jr. |

## JOINT INITIAL STATUS REPORT

A. <u>Attorneys of Record</u>

**Plaintiffs' Attorneys:**

Douglas M. Werman*
Maureen A. Salas
Sarah J. Arendt
Zachary C. Flowerree
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008

David Fish
The Fish Law Firm, P.C.
200 East 5th Avenue, Suite 123
Naperville, IL 60563
(630) 355-7590

**Defendant's Attorneys:**

David K. Haase*
Kwabena A. Appenteng
Jennifer L. Jones
Littler Mendelson, P.C.
321 North Clark Street, Suite 1000
Chicago, IL 60654
(312) 372-5520

*Indicates lead trial attorney

B. <u>Basis for Federal Jurisdiction</u>

In its Notice of Removal, Defendant alleged: (1) that this Court has diversity jurisdiction over the case because the parties are citizens of different states and the amount in

1

controversy exceeds $75,000; and (2) that this Court has jurisdiction under the Class Action Fairness Act because there is diversity of citizenship between the parties and because the amount in controversy, if a class were certified, exceeds $5,000,000.

C. <u>Nature of the Claim</u>

Plaintiffs asserts a class action claim under the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, for Defendant's alleged unlawful collection, possession, and dissemination of Plaintiffs' biometric identifiers and information through use of a finger scan time-keeping system.

D. <u>Name of any Party who has not been Served</u>

None.

E. <u>Principal Legal Issues</u>

(i) Whether Defendant collected Plaintiffs' and the potential class's biometric identifiers or information through its finger scan time-keeping system.

(ii) Whether a mathematical representation of a portion of a fingerprint, if it is useless to anyone who succeeds in improperly obtaining it, constitutes "biometric information" within the meaning of BIPA.

(iii) Whether Defendant collected Plaintiffs' and the potential class's biometric identifiers and information without following the informed written consent procedures in 740 ILCS 14/15(b).

(iv) Whether Defendant possessed Plaintiffs' and the potential class's biometric identifiers or information without establishing a publicly available retention/destruction policy as required by 740 ILCS 14/15(a).

(v) Whether Defendant disseminated Plaintiffs' and the proposed class's biometric identifiers or information to its time-keeping/payroll vendor without following the requirements in 740 ILCS 14/15(d).

(vi) Whether Defendant's alleged violations of the BIPA were negligent, intentional, or reckless under 740 ILCS 14/20.

(vii) Whether the statute of limitations under BIPA is one, two, or five years.

(viii) Whether Plaintiffs' claims are appropriate for certification as a class action;

(ix) Whether individuals subject to a mandatory arbitration agreement are appropriate for inclusion in this litigation.

F.   Principal Factual Issues

   (i)   Whether Plaintiffs and the potential class used Defendant's finger scan time-keeping system in Illinois.

   (ii)   Whether Defendant's finger scan time-keeping system collected fingerprints from Plaintiff and the potential class or information based on their fingerprints.

   (iii)   Whether Defendant stored Plaintiffs' and the potential class's fingerprints or information based on their fingerprints.

   (iv)   Whether Defendant disseminated Plaintiffs' and the potential class's fingerprints or information based on their fingerprints to its time-keeping or payroll vendor.

   (v)   Whether the information collected constituted a mathematical representation of a portion of the individual's fingerprint.

   (vi)   Whether the information collected would be of any use to a third party who improperly acquired it.

G.   Jury Demand

   Plaintiffs have demanded a jury trial.

H.   Discovery

   The parties have not engaged in any formal discovery. The parties wish to engage in settlement discussions before initiating discovery. They may engage a private mediator to assist in settlement discussions. The parties request that the Court permit them 28 days to file a joint report and indicate when they expect to complete settlement discussions. In that report, the parties will request a status date for the Court to enter a discovery schedule if the parties do not reach a settlement.

I.   Arbitration

   Defendant contends that Plaintiff Mason is bound by an arbitration agreement. The parties agree that Defendant may wait to move to compel arbitration until after the parties' exhaust settlement discussions without prejudice to Defendant's right to compel arbitration.

J.   Trial

   The parties estimate that the earliest the case could be ready for trial is February 2021. The parties estimate that the trial will take seven days.

K.   Consent to Proceed Before a Magistrate Judge

3

There is not unanimous consent to proceed before a United States Magistrate Judge.

L.  Status of Settlement Discussions

The Parties have agreed to participate in early settlement discussions. Defendant has voluntarily provided Plaintiffs with information to facilitate those discussions.

M.  Settlement Conference

The parties do not request a settlement conference at this time

Dated: June 17, 2019                                    Respectfully submitted,

/s/Douglas M. Werman                                    /s/David K. Haase
Douglas M. Werman                                       David K. Haase
Maureen A. Salas                                        Kwabena A. Appenteng
Sarah J. Arendt                                         Jennifer L. Jones
Zachary C. Flowerree                                    Littler Mendelson, P.C.
Werman Salas P.C.                                       321 North Clark Street, Suite 1000
77 W. Washington Street, Suite 1402                     Chicago, IL 60654
Chicago, Illinois 60602                                 (312) 372-5520
(312) 419-1008

**Attorneys for Defendant**

David Fish
The Fish Law Firm, P.C.
200 East 5th Avenue, Suite 123
Naperville, IL 60563
(630) 355-7590

**Attorneys for Plaintiff**