# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LAMONT DAVIS, NAKEA BLOUNT, and SHAMIKKAH SLAUGHTER, on behalf of themselves and all other persons similarly situated, known and unknown,   )<br>)<br>)<br>) | Case No. 1:19-cv-00680 |

LAMONT DAVIS, NAKEA BLOUNT, and )
SHAMIKKAH SLAUGHTER, on behalf )
of themselves and all other persons ) Case No. 1:19-cv-00680
similarly situated, known and unknown, )
) Judge Valderrama
Plaintiffs, )
)
v. )
)
HEARTLAND EMPLOYMENT SERVICES, )
LLC, )
)
Defendant. )

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") is made by Plaintiffs Lamont Davis, Nakea Blount, and Shamikkah Slaughter ("Plaintiffs" or "Settlement Class Representatives"), individually and on behalf of the Settlement Class Members they seek to represent ("Settlement Class" or "Settlement Class Members," as defined below), and Heartland Employment Services, LLC ("Heartland") (Plaintiffs and Heartland are collectively referred to as the "Parties"), in the above-captioned action ("Action").

## I.    PROCEDURAL HISTORY

On December 18, 2018, then-plaintiff Brenda Mason filed a Class Action Complaint in the Circuit Court of Cook County, Chancery Division, alleging that Heartland violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, by requiring her and other employees to use a biometric timekeeping system as part of their jobs. In particular, then-plaintiff Mason alleged that Heartland violated BIPA in three ways: (1) collecting biometric fingerprint identifiers and information from her and other employees without following BIPA's informed written consent procedures; (2) possessing biometric identifiers and information without a publicly

available data retention schedule and destruction policy; and (3) disclosing biometric identifiers and information from her and other employees to Heartland's timekeeping vendor without consent.

On February 1, 2019, Heartland timely removed the lawsuit to the United States District Court for the Northern District of Illinois. On March 21, 2019, then-plaintiff Mason filed a First Amended Class Action Complaint to add a second proposed class representative, Lamont Davis. On June 17, 2019, Heartland filed its Answer and Defenses to the First Amended Complaint. It denied violating BIPA and asserted eleven affirmative defenses, including that then-plaintiff Mason was subject to an agreement that required individual arbitration of her claims.

The Parties agreed to participate in early settlement discussions and scheduled a private mediation with experienced BIPA mediator and retired federal Magistrate Judge Morton Denlow. In advance of mediation, the Parties served and responded to written discovery requests, including producing responsive documents. Also in advance of mediation, the Parties exchanged mediation statements with the relevant legal and factual arguments for their respective positions in the case. On December 5, 2019, the Parties participated in a day-long mediation with Judge Denlow but were unable to reach a settlement.

On February 14, 2020, the Parties filed a Joint Motion to Dismiss Plaintiff Brenda Mason because she was subject to an individual arbitration agreement.

On July 13, 2020, after obtaining leave over Heartland's partial objection, Plaintiff Davis filed a Second Amended Class Action to add two additional proposed class representatives, Nakea Blount and Shamikkah Slaughter, and to assert a claim under Section 15(a) of BIPA for Heartland's alleged failure to timely destroy biometric data for Plaintiffs and other employees after they separated employment.

The Parties engaged in additional written discovery and document production, including issuing subpoenas to third-parties involved in manufacturing or providing the timekeeping technology at issue. The Parties followed up on alleged deficiencies in each side's discovery responses. Heartland took depositions from the three Plaintiffs. Plaintiffs took Rule 30(b)(6) depositions from two Heartland witnesses.

The Parties agreed to engage in direct settlement negotiations between counsel. After exchanging numerous offers and counteroffers over a two-month period, the Parties reached a settlement in principle on February 3, 2021. That settlement is now memorialized in this Settlement Agreement.

## II.      HEARTLAND DENIES LIABILITY

Heartland denies liability for the claims asserted in this Action. Heartland maintains, among other things, that: the collected data does not fall within BIPA; there never was any data breach; and there never was any risk of a data breach.  Neither the Settlement documents nor any other item pertaining to the Settlement contemplated herein shall be offered in any other case or proceeding for any purpose, including as evidence of any admission by Heartland of any liability with respect to any claim for damages or other relief, or of any admission by Plaintiffs that they would not have prevailed on liability on any of their claims. Any stipulation or admission by Heartland or Plaintiffs contained in any document pertaining to the Settlement is made for settlement purposes only. In the event this Settlement is not finally approved, nothing contained herein shall be construed as a waiver by Heartland of its contention that class certification is not appropriate or is contrary to law in this Action or any other case or proceeding, or by Plaintiffs of their contention that class certification is appropriate in this case or any other case or proceeding.

3

### III.   CERTIFICATION OF THE SETTLEMENT CLASS

Settlement Class Counsel shall request that the Court enter a certification order and certify for settlement purposes only the Settlement Class, defined as:

> All hourly employees of Defendant who enrolled in or used a finger-scan timekeeping system while working for Defendant in Illinois between December 18, 2013 and April 23, 2019, excluding those persons subject to individual arbitration agreements who did not opt-out of those arbitration agreements ("the Settlement Class" or "Settlement Class Members").

Defendant estimates there are 10,836 Settlement Class Members.

### IV.   SETTLEMENT TERMS

### 1.   Final Approval; Waiver of Appeal; Settlement Date

The term "Final Approval" means the date on which the Court enters an order granting final approval of the Settlement. Plaintiffs, individually, and Heartland waive their right to appeal entry of Final Approval, except that Werman Salas P.C. and The Fish Law Firm, P.C. ("Settlement Class Counsel") retain the right to appeal the award of attorney fees and costs if the Court awards less than requested in accordance with this Settlement Agreement.

If the Court grants Settlement Class Counsel's requested fees and costs and there are no objections from any Settlement Class Members, the "Effective Date" is the date of Final Approval. If any Settlement Class Member objects to the Settlement or if the Court awards less than Class Counsel's requested fees and costs, the "Effective Date" means the first date on which the Final Approval Order is no longer appealable, or if an appeal is filed, the date on which such appeal is resolved in favor of Settlement approval and no further action is required by the Court.

### 2.   Gross Fund; Net Fund; and Allocation to Settlement Class Participants

The term "Gross Fund" means the $5,418,000.00 that Heartland will pay to settle the claims of Settlement Class Members in the Action. The Gross Fund is the maximum amount that Heartland shall be obligated to pay under this Settlement, unless the number of the Settlement

4

Class Members increases by more than 2% over the current estimate of 10,836, in which case the Gross Fund shall be increased on a pro rata basis (i.e., $500 per person added over the current estimate of 10,836). No amount of the Gross Fund shall revert back to Heartland.

The term "Net Fund" is the Gross Fund minus the following deductions, which are subject to Court approval: Settlement Class Counsel's attorney fees and costs; the Settlement Administrator's costs; and the Settlement Class Representatives' Service Awards.

The Net Fund shall be distributed pro rata to Settlement Class Members who timely return valid claim forms ("Settlement Class Participants"). Any Settlement Class Member who does not timely return a claim form shall not be entitled to a payment. Because of this method of allocation to Settlement Class Participants, there will be no unclaimed funds in the Settlement.

    **3.**    **Release of Claims**

    **a.**  **Definitions**

The term "Released Parties" means Heartland and its current and former owners, affiliates, parents, subsidiaries, divisions, officers, directors, shareholders, agents, employees, attorneys, insurers, benefit plans, predecessors, and successors. Kronos Incorporated is excluded from this release.

    **b.**  **Release for Settlement Class Members**

Subject to final approval by the Court of the Settlement, Settlement Class Members who do not timely and validly exclude themselves from the Settlement will release the Released Parties from all claims reasonably arising out of allegations in the Second Amended Class Action Complaint in this lawsuit, including allegations that Heartland improperly collected, stored, disclosed, or used Illinois employees' biometric identifiers and information obtained from its time clocks, including but not limited to claims arising under the Biometric Information Privacy Act,

and all other related federal, state, and local laws, including the common law, as well as related claims for liquidated damages, penalties, attorneys' fees and costs, expenses, and interest.

### c. General Release for Settlement Class Representatives

In exchange for their Service Awards, the Settlement Class Representatives release the Released Parties from any and all claims they could have asserted against the Released Parties from the beginning of time through the date of Final Approval.

Specifically, the Settlement Class Representatives knowingly and voluntarily release and forever discharge, to the full extent permitted by law, Heartland, its parent corporations, affiliates, subsidiaries, divisions, predecessors, successors and assigns, joint employers, and the current and former employees, officers, directors, owners, insurers, and agents thereof, (all collectively referred to throughout this Release Provision as "the Released Parties") of and from any and all claims, known and unknown, asserted and unasserted, the Settlement Class Representatives have or may have against the Released Parties as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Sections 1981 through 1988 of Title 42 of the United States Code (as amended);
- 42 U.S.C. §2000a;
- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- The Age Discrimination in Employment Act; as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Equal Pay Act, as amended;
- The Americans with Disabilities Act, as amended;
- The Employee Retirement Income Security Act;
- The Genetic Information Nondiscrimination Act of 2008;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Dodd-Frank Wall Street Reform and Consumer Protection Act;
- The Sarbanes-Oxley Act of 2002;
- The Illinois Human Rights Act of 1964 (as amended);

6

- The Illinois Whistleblower Act;
- Any and all Illinois laws relating to the payment of wages;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; and
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

The Parties acknowledge that this Agreement shall not apply to rights or claims that may arise after the date of Final Approval. Additionally, nothing in this paragraph is intended to limit or restrict any rights that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished. Moreover, nothing in this Agreement (including, but not limited, to the release of claims) prevents the Settlement Class Representatives from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the EEOC, the National Labor Relations Board, the Securities and Exchange Commission, the IDHR, or any other federal, state or local agency charged with the enforcement of any laws, including providing documents or other information. The Settlement Class Representatives are waiving their right to recover any individual relief (including, back pay, front pay, reinstatement or other legal or equitable relief) in any charge, complaint, or lawsuit or other proceeding brought by the Settlement Class Representatives  or on their behalf by any third party, except for any right they may have to receive a payment from a government agency (and not Heartland) for information provided to the government agency.

## 4. Settlement Administration

The Parties have selected Analytics Consulting LLC ("Settlement Administrator") to issue notice and administer this Settlement. The Settlement Administrator's costs, capped at $75,000, shall be paid from the Gross Fund. The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement.

5.    **Timeline of Settlement Events**

The Parties contemplate the following timeline for settlement events:

a.  Within twenty-eight (28) days after the Court grants preliminary approval of the Settlement, Heartland will provide the Settlement Administrator and Settlement Class Counsel with a "Class List" in Microsoft Excel spreadsheet format that shall contain Settlement Class Members' contact information, including names, addresses, dates of employment, social security numbers, cell phone numbers (if reasonably available), and personal email addresses (if reasonably available). Heartland will provide a declaration from its employee with knowledge of how the Settlement Class Members were identified and contact information was compiled.

b.  Within thirty-five (35) days after the Court grants preliminary approval of the Settlement, or within thirty-five (35) days after Heartland receives the information from the Settlement Administrator needed to transfer such funds to the Qualified Settlement Fund, whichever is later, Heartland shall fund the $75,000 available for notice and settlement administration to the Qualified Settlement Fund established by the Settlement Administrator.

c.  Before the deadline to distribute class notice, the Settlement Administrator shall establish a Settlement website. The website address will be www.HeartlandFingerScanSettlement.com, or another website address agreed to by the Parties. The Settlement website shall include a brief description of the claims asserted in the Action, the Notice of Class Action Settlement ("Notice") and Claim Form, the Settlement Agreement, the Preliminary Approval Order, the Motion for Attorney Fees, Costs, and Settlement Class Representatives' Service Awards (once available), the Motion for Final Approval (once available), and the Final Approval

Order (once available). The Settlement website shall identify the contact information for Settlement Class Counsel and describe how Settlement Class Members may obtain more information about the Settlement and will include a mechanism to complete and submit an electronic Claim Form.

d. The Settlement Administrator will mail a Notice and Claim Form to everyone on the Class List in accordance with Section IV.11(b)(1) of this Settlement Agreement within twenty-one (21) days after receiving the Class List. The same day, the Settlement Administrator shall send the notice communication described in Section IV.11.(b)(3)-(4) to Settlement Class Members by email and text message (assuming those forms of contact information exist for Settlement Class Members).

e. Sixty (60) days after initial distribution of Notice, the Settlement Administrator shall send a reminder email and text message notice communication described in Section IV.11.(b)(3)-(4) to Settlement Class Members who have not returned a Claim Form (assuming those forms of contact information exist for Settlement Class Members).

f. Settlement Class Counsel shall file a motion for attorney fees, litigation costs, settlement administration costs, and the Settlement Class Representatives' Service Awards within sixty (60) days from the date of the mailing of the notice to Settlement Class Members. Settlement Class Counsel shall provide this motion to the Settlement Administrator to be posted on the Settlement website so that Settlement Class Members may obtain a copy during the objection/exclusion period as described in the notice.

g.  All completed claim forms must be postmarked or returned to the Settlement Administrator within ninety (90) days from the date of the initial distribution of the notice to Settlement Class Members.

h.  Audit rights: Within fourteen (14) days of the claim filing deadline, the Settlement Administrator shall provide counsel for the Parties with a report that contains the information provided in the Claim Forms and its determination whether or not each claim should be approved or denied. Original Claim Forms will also be made available to counsel for the Parties upon request. Within fourteen (14) days of having received the report of proposed approved and denied claims from the Settlement Administrator, Settlement Class Counsel and Heartland's counsel shall meet and confer regarding any issues that either Settlement Class Counsel or Heartland believes need to be raised with the Settlement Administrator regarding the claims. Settlement Class Counsel and Heartland's counsel agree to use their best efforts to resolve any disputes. If necessary, the Parties may request that the Settlement Administrator conduct reasonable follow up with particular Settlement Class Participants in the event of questions regarding the information provided by any Settlement Class Participant or take other reasonable steps as agreed to by the Parties.

i.  All requests for exclusion from the Settlement must be postmarked or returned to the Settlement Administrator within ninety (90) days from the date of the initial distribution of the Notice to Settlement Class Members.

j.  All objections to the Settlement must be postmarked or returned to the Settlement Administrator within ninety (90) days from the date of the initial distribution of the

notice to Settlement Class Members. Within three days of receiving an objection, the Settlement Administrator shall provide the objection, and any supporting materials, to counsel for the Parties. Within one business day of receiving an objection from the Settlement Administrator, Settlement Class Counsel shall file the objection with the Court.

k.  Settlement Class Counsel will file a motion for final approval of this Settlement within seven (7) days before the Final Approval Hearing or such other date as set by the Court.

l.  No later than thirty-five (35) days after the Effective Date, Heartland will transfer the remainder of the Gross Fund, less the amount already transferred for Settlement Administration (pursuant to Section IV.4 above), to the Qualified Settlement Fund account established by the Settlement Administrator.

m.  Within twenty-eight (28) days of the Effective Date, the Settlement Administrator will mail or deliver the following payments: (1) Settlement award payments to Settlement Class Participants; (2) the Settlement Class Representatives' Service Awards; and (3) Settlement Class Counsel's award of attorney fees and litigation costs (by wire transfer).

n.  The deadline for Settlement Class Participants to cash checks will be one hundred and fifty (150) days from the date the checks are issued by the Settlement Administrator.

o.  Within twenty-one (21) days after the deadline for Settlement Class Participants to cash checks, the Settlement Administrator shall distribute funds from uncashed checks in accordance with Section IV.9 of this Agreement and the Court's order(s).

11

6.      **Tax Treatment of Settlement Awards**

For income tax purposes, the Parties agree that, if required by law, Settlement Class Participant settlement awards shall be allocated as non-wage income and shall not be subject to required withholdings and deductions. The Settlement Class Representatives' Service Awards shall be allocated as non-wage income and shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law. If required by IRS regulations, the Settlement Administrator shall issue to each Settlement Class Participant an IRS Form 1099. Other than the reporting requirements herein, Settlement Class Participants shall be solely responsible for the reporting and payment of their share of any federal, state and/or local income or other taxes on payments received pursuant to this Settlement Agreement.

7.      **Settlement Class Counsel's Attorney Fees and Costs**

a.      Settlement Class Counsel may request that the Court award them up to one-third of the Gross Fund as attorney fees plus their litigation expenses.

b.      The award of attorney fees and litigation expenses approved by the Court shall be paid to Settlement Class Counsel from the Gross Fund.

c.      In the event that the Court does not approve the award of attorney fees and litigation expenses requested by Settlement Class Counsel, or the Court awards attorney fees and litigation expenses in an amount less than that requested by Settlement Class Counsel, such decision shall not affect the validity and enforceability of the Settlement and shall not be a basis for rendering the entire Settlement null, void, or unenforceable.

d.      Settlement Class Counsel may appeal the award of attorney fees and litigation expenses should the sum awarded by the Court fall below the amount requested by Settlement Class Counsel, provided that the request Settlement Class Counsel makes is consistent with the Settlement Agreement. If Settlement Class Counsel elects not to appeal or if the appeals

12

court affirms the decision, only the reduced amounts will be deemed to be Settlement Class Counsel's attorney fees and litigation expenses for purposes of this Settlement Agreement. Any amounts for Settlement Class Counsel's attorney fees and litigation expenses not awarded shall be added to the Net Fund available for distribution to Settlement Class Participants as settlement awards.

        e.    The payment of the award of attorney fees and litigation expenses to Settlement Class Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney or law firm for attorney fees or litigation expenses in the Action incurred by any attorney on behalf of the Settlement Class Representatives and the Settlement Class Members, and shall relieve Heartland, the Released Parties, the Settlement Administrator, and Heartland's Counsel of any other claims or liability to any other attorney or law firm for any attorney fees, expenses and/or costs to which any of them may claim to be entitled on behalf of the Settlement Class Representatives and the Settlement Class Members. In exchange for such payment, Settlement Class Counsel will release and forever discharge any attorneys' lien on the Gross Fund.

## 8. Service Awards

Settlement Class Counsel will apply for "Service Awards" of up to $10,000 for each of the Settlement Class Representatives, to be paid for their time and effort spent conferring with Settlement Class Counsel, pursuing the Action in their own names, answering written discovery, sitting for a deposition, recovering compensation on behalf of all Settlement Class Members, and providing a general release of claims. Heartland agrees not to oppose such application, so long as it is consistent with the provisions of this Settlement Agreement. Subject to Court approval, the Service Awards shall be paid from the Gross Fund, in addition to the Settlement Class Representatives' settlement awards. Any amount of the Service Awards not awarded shall be added to the Net Fund available for distribution to Settlement Class Participants.

13

9. **All Uncashed Checks to *Cy Pres***

Any checks that remain uncashed after one hundred and fifty (150) days from the date they are issued by the Settlement Administrator shall be deemed void. The Parties agree that the Settlement Administrator will distribute funds from each of these uncashed checks to the Here to Help Fund, a Section 501(c)(3) charity. If administratively feasible, such funds will be used to assist Heartland's Illinois employees in need. Plaintiffs do not, and will not, challenge the above described distribution of funds to the Here to Help Fund; however, should the Court find that the Here to Help Fund is an inappropriate *cy pres* recipient, or that any *cy pres* distribution is inappropriate, funds from checks not cashed in 150 days will be distributed to the Unclaimed Property Division of the Illinois Treasurer's Office and shall identify each individual Settlement Class Participant who did not cash his or her check.

10. **Responsibilities of the Parties**

   a.    The Parties shall perform all duties as stated in this Settlement Agreement.

   b.    Heartland also may take any measures it reasonably concludes are necessary to comply with the Class Action Fairness Act.

11. **Approval of Settlement; Notice; Settlement Implementation**

As part of this Settlement, the Parties agree to the following procedures for obtaining preliminary Court approval of the Settlement, notifying Settlement Class Members, obtaining final Court approval of the Settlement, and processing the settlement awards:

   a.    Preliminary Approval Hearing. The Settlement Class Representatives shall file a motion for preliminary approval of the Settlement as soon as is reasonably possible. With the motion for preliminary approval, the Settlement Class Representatives will submit this Agreement and accompanying attachment(s).

14

b.    <u>Notice to Settlement Class Members</u>.  Notice of the Settlement shall be provided to Settlement Class Members, and Settlement Class Members shall submit any objections to the Settlement, and/or requests for exclusion from the Class, using the following procedures:

(1)    <u>Mailed Notice to Settlement Class Members</u>.  On the timetable specified in Section IV.5 of this Settlement Agreement, the Settlement Administrator shall send a copy of the Notice of Class Action Settlement and Claim Form, attached hereto as Attachment A, to Settlement Class Members via First Class regular U.S. mail. The Notice and Claim Form will be mailed using the most current mailing address information for Settlement Class Members, which the Settlement Administrator shall obtain by running each Settlement Class Member's name and address through the National Change of Address (NCOA) database or comparable databases. The front of the envelopes containing the Notice will be marked with words identifying the contents as important documents authorized by the Court and time sensitive. The mailing shall include a pre-paid envelope for Settlement Class Members to return the Claim Form. For Settlement Class Members whose notices are returned as undeliverable without a forwarding address, the Settlement Administrator shall promptly run a search in Accurint or similar database search to locate an updated address and shall promptly mail the notice to the updated address. If after this second mailing, the Notice is again returned as undelivered, the notice mailing process shall end for that Settlement Class Member (except as provided in Section 11.b.(2), below)

(2)    <u>Updated Contact Information</u>

Settlement Class Members should contact the Settlement Administrator to update their mailing addresses. Settlement Class Counsel will forward any updated contact information it receives from Settlement Class Members to the Settlement Administrator. The Settlement

Administrator will reissue the Notice to any Settlement Class Members who provide updated contact information prior to the "Exclusion Deadline Date," as defined in Section IV.12.

(3)    <u>Text Notice</u>

On the timetable specified in Section IV.5 of this Settlement Agreement, and only for Settlement Class Members for whom the Settlement Administrator is provided a cell phone number, the Settlement Administrator shall send text message notice as described in this Section. The text message notice shall state: "You may be entitled to payment in a class action settlement for Illinois employees of Heartland Employment Services, LLC who worked at an HCR ManorCare, Arden Courts, or Heartland Healthcare facility. To learn more, click **here**." The link will take Settlement Class Members to the Settlement website.

Sixty days after sending the initial text notice, the Settlement Administrator shall send a reminder text message to Settlement Class Members who have not yet returned a Claim Form. This text message shall state: "You were sent notice of a lawsuit settlement for certain Illinois employees of Heartland Employment Services, LLC who worked at an HCR ManorCare, Arden Courts, or Heartland Healthcare facility. To request payment, you must complete a **Claim Form** by [insert date 30 days from text distribution]." The link will take Settlement Class Members to the portion of the Settlement website where they can complete and return an electronic Claim Form.

(4)    <u>Email Notice</u>

On the timetable specified in Section IV.5 of this Settlement Agreement, and for Settlement Class Members for whom the Settlement Administrator is provided or obtains an email address, the Settlement Administrator shall email notice as described in this Section. The subject of this

16

email shall state: "Legal Notice: Heartland Finger Scan Lawsuit Settlement." The body of the email shall state as follows:

"Heartland Employment Services, LLC has settled a class action lawsuit that claims Heartland violated Illinois law by collecting fingerprint scan data from Illinois employees through a biometric timekeeping system without written notice and consent. The Settlement includes Heartland's employees worked at HCR ManorCare, Arden Courts, and Heartland Healthcare facilities and who used Heartland's finger scan timekeeping system between December 18, 2013 and April 23, 2019, excluding those persons subject to individual arbitration agreements who did not opt-out. To review the Notice of Class Action Settlement and submit a Claim Form to receive a settlement payment, please visit the settlement website: www.HeartlandFingerScan Settlement.com."[1]

Sixty days after sending the initial email notice, the Settlement Administrator shall send a reminder email to Settlement Class Members who have not yet returned a claim form. The subject of this email shall state: "Reminder: Deadline to Submit Claim in Heartland Finger Scan Lawsuit Settlement." The body of the email shall state:

"You previously received an email about the settlement of a class action lawsuit that claims Heartland Employment Services, LLC violated Illinois law by allegedly collecting fingerprint scan data from Illinois employees through a biometric timekeeping system without written notice and consent. The deadline for you to return a Claim Form and request a settlement payment is [insert date 30 days from email distribution]. You can return a Claim Form through the settlement website

---

[1]     Or another website address agreed to by the Parties if this one is not available.

www.HeartlandFingerScanSettlement.com.  **If you do not fill out a Claim Form by the deadline, you will not get money."**[2]

12. <u>**Procedure for Returning Claim Forms, Objecting, or Requesting Exclusion from Class Action Settlement**</u>

a. <u>Procedure for Claim Forms</u>. The Notice and Claim Form shall explain that Settlement Class Members must return a Claim Form on or before 90 days from Notice distribution to receive a settlement payment. Settlement Class Members may return a Claim Form in a pre-paid return envelope or electronically through the case website. Settlement Class Counsel shall include data in its final approval motion about the number of Claim Forms that were returned.

b. <u>Procedure for Objecting</u>. The Notice shall provide that Settlement Class Members who wish to submit written objections to the Settlement must mail or email them to the Settlement Administrator on or before 90 days from Notice distribution. To state a valid objection to the Settlement, an objecting Settlement Class Member must sign the objection and provide:  (i) full name, current address, current telephone number, and the last four digits of his or her Social Security Number; (ii) a statement of the position or objection the objector wishes to assert, including the grounds for the position and objection; and (iii) copies of any other documents that the objector wishes to submit in support of his/her/its position. No later than three (3) days after receiving an objection, the Settlement Administrator shall furnish Settlement Class Counsel and Heartland's Counsel a copy of the objection. No later than one business day after receiving an objection from the Settlement Administrator, Settlement Class Counsel shall file the objection with the Court. Subject to approval of the Court, any objecting Settlement Class Member may appear in person or by counsel at the final approval hearing held by the Court to show cause why the

---

[2]      See Footnote 1.

proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any petitions for attorney fees, reimbursement of reasonable litigation costs and expenses, and service awards.

c.      <u>Procedure for Requesting Exclusion</u>. The Notice shall provide that Settlement Class Members who wish to exclude themselves from the Class must submit a written statement requesting exclusion from the Class by mail or email to the Settlement Administrator on or before the 90 days from Notice distribution ("Exclusion Deadline Date"). Such written request for exclusion must contain the Class Member's full name, address, telephone number, and the last four digits of his or her social security number, a statement that the Class Member wishes to be excluded from the Settlement, and must be signed by the Class Member. The date of the postmark on the return mailing envelope or the timestamp on the electronic submission shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Any Class Member who excludes himself or herself from the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the Settlement. If a Settlement Class Member submits both an exclusion request and a Claim Form, the Settlement Administrator shall contact the Class Member to determine whether the Class Member intended to request exclusion. If the Settlement Administrator contacts the Class Member and is unable to communicate with him or her, the Claim Form will govern and the exclusion request will be considered invalid. No later than three (3) days after receiving a request for exclusion the Settlement Administrator shall furnish to Settlement Class Counsel and Heartland's Counsel a copy of that request for exclusion. Settlement Class Counsel shall file the requests for exclusion with the motion for final approval of the settlement.

If ten percent (10%) or more of the Settlement Class Members submit valid requests for exclusion from the Settlement, Heartland may elect to withdraw from and not be bound by the terms of this Agreement.

### 13. Qualified Settlement Fund

As required under this Agreement, Heartland shall transfer the required portions of the Gross Fund to a Qualified Settlement Fund ("QSF"), to be held as a separate trust as described in Treasury Regulation §1.468B-1, 26 C.F.R. §1.468B-1. Settlement Class Counsel and Heartland jointly shall take such steps as shall be necessary to qualify the QSF under §468B of the Internal Revenue Code, 26 U.S.C. §468B, and the regulations promulgated pursuant thereto, with Settlement Class Counsel taking the lead in identifying any necessary steps. Heartland shall be considered the "transferor" within the meaning of Treasury Regulation §1.468B-1(d)(1). The Settlement Administrator shall be the "administrator" within the meaning of Treasury Regulation §1.468B-2(k)(3). The Parties shall cooperate in securing an order of the Court to establish the QSF in accordance with the terms hereof in conjunction with its preliminary approval of the Settlement and Notice as described in the Agreement. The Court shall retain jurisdiction over the administration of the QSF. Heartland shall supply to the Settlement Administrator and to the Internal Revenue Service the statement described in Treasury Regulation §1.468B-3(e)(2) no later than February 15th of the year following each calendar year in which Heartland makes a transfer to the QSF. It is intended that the transfers to the QSF will satisfy the "all events test" and the "economic performance" requirement of §461(h)(1) of the Internal Revenue Code, and Treasury Regulation §1.461-1(a)(2). Accordingly, Heartland shall not include the income of the QSF in its income. Rather, the QSF shall be taxed on its modified gross income, excluding the sums transferred to it, and shall make payment of resulting taxes from its own funds. In computing the QSF's modified gross income, deductions shall be allowed for its administrative costs and other

deductible expenses incurred in connection with the operation of the QSF, including, without limitation, state and local taxes and legal, accounting, and other fees relating to the operation of the QSF.

Upon establishment of the QSF, the Settlement Administrator shall apply for an employer identification number for the QSF utilizing Internal Revenue Service Form SS-4 and in accordance with Treasury Regulation §1.468B-2(k)(4).

If requested by either Heartland or the Settlement Administrator, the Settlement Administrator and Heartland shall fully cooperate in filing a relation-back election under Treasury Regulation §1.468B-1(j)(2) to treat the QSF as coming into existence as a settlement fund as of the earliest possible date.

Following its deposits as described in this Agreement, Heartland shall have no responsibility, financial obligation, or liability whatsoever with respect to the notifications to the Settlement Class required hereunder, the processing of Claims and exclusion requests, the allowance or disallowance of claims by Settlement Class Participants, payments to Settlement Class Counsel, investment of QSF funds, payment of federal, state, and local income, employment, unemployment, excise, and other taxes imposed on the QSF or its disbursements, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the QSF, since it is agreed that such deposits shall fully discharge Heartland's obligations to Settlement Class Participants and Settlement Class Counsel and for expenses of administration in respect to the disposition of the Settlement funds hereunder. Rather, the Settlement Administrator shall have sole authority and responsibility for the administration of such funds and income thereon, disbursement to Settlement Class Participants and Settlement Class Counsel, and payment

21

of taxes and administrative costs in accordance with the provisions hereof, subject only to the rights of Heartland or Settlement Class Counsel to seek redress for any breach of the terms hereof.

The Settlement Administrator shall cause to be filed, on behalf of the QSF, all required federal, state, and local tax returns, information returns and tax withholdings statements in accordance with the provisions of Treasury Regulation §1.468B-2(k)(1) and Treasury Regulation §1.468B-2(l)(2)(ii). The Settlement Administrator may, at the expense of the QSF, retain legal counsel and an independent, certified public accountant to consult with and advise the Settlement Administrator with respect to the preparation and filing of such materials and the federal, state and local tax compliance of the QSF.

Based on the Settlement Administrator's recommendation and approval by the Parties, the QSF may be invested in United States Treasury bills, money market funds primarily invested in the same, or certificates of deposit (CDs), provided that such portions of the QSF as may reasonably be required to pay current QSF administrative expenses, taxes or disbursements to Settlement Class Participants or Settlement Class Counsel may be deposited in bank accounts which are federally insured to the greatest extent practicable. All federal, state, and local taxes imposed with respect to income earned by, or property of, the QSF, shall be paid from the QSF.

The Settlement Administrator may amend, either in whole or in part, any administrative provision of this Section or the trust instrument through which the QSF is established to maintain the qualification of the QSF pursuant to the above-described authorities provided that the rights and liabilities of the Parties hereto and the Settlement Class are not altered thereby in any material respect.

**14.**     **No Solicitation of Settlement Objections or Exclusions**

The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time shall either Party or their counsel seek to solicit or otherwise encourage Settlement Class

Members to submit written objections to the Settlement or requests for exclusion from the Class, or appeal from the Court's Final Judgment.

15. **Final Settlement Approval Hearing**

In its preliminary approval order or a related order, the Court shall schedule a final approval hearing to determine whether to grant final approval of the Settlement Agreement along with the amount payable for (i) an award to Settlement Class Counsel for attorney fees and litigation expenses; (ii) the Settlement Administrator's expenses; and (iii) the Settlement Class Representatives' Service Awards. Plaintiffs shall present a Final Approval order to the Court for its approval. The Final Approval order Plaintiffs present to the Court shall provide that the matter will be dismissed with prejudice seven (7) days after Plaintiffs file a declaration with the Court from the Settlement Administrator confirming that Heartland has fully funded the Gross Fund.

16. **Heartland's Representations Regarding Biometric Systems**

Heartland represents that since April 24, 2019, Heartland has maintained Biometric Information Privacy Act consents and policies and has deleted finger scan data for separated Illinois employees. Specifically, in order to comply with its legal obligations to preserve evidence for pending lawsuits, Heartland has deleted finger scan data for separated Illinois employees from its main server and has segregated and maintained such data on a separate server which is not connected to the internet. Heartland will fully delete such finger scan data for separated Illinois employees upon the Effective Date of this settlement.

17. **Venue of Approval**

The Parties will seek approval of this Settlement in the United States District Court for the Northern District of Illinois, Eastern Division, with their assigned Judge in the Action, currently Judge Valderrama.

18. **Heartland's Legal Fees**

All of Heartland's own legal fees, costs and expenses incurred in this Action shall be borne by Heartland.

19. **Certification of Distribution of Settlement Checks**

The Settlement Administrator shall provide Settlement Class Counsel with an accounting of the proceeds disbursed, upon request by Settlement Class Counsel. Should Settlement Class Counsel request such an accounting, Settlement Class Counsel will provide a copy of the accounting to Heartland's counsel.

20. **Attachment(s) and Headings**

The terms of this Settlement Agreement include the terms set forth in the attached Attachment(s), which are incorporated by this reference as though fully set forth herein. Any Attachment(s) to this Settlement Agreement are an integral part of the Settlement. The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Settlement Agreement.

21. **Amendment or Modification**

This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest. Notwithstanding the foregoing, the Parties agree that any dates contained in this Settlement Agreement may be modified by agreement of the Parties without Court approval if the Parties agree and cause exists for such modification. However, the Parties cannot modify deadlines set by the Court without Court approval.

22. **Entire Agreement**

Upon execution, this Settlement Agreement and any Attachment(s) constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements

have been made to any Party concerning this Settlement Agreement or its Attachment(s) other than the representations, warranties and covenants contained and memorialized in such documents.

### 23. Good Faith Negotiation if the Court Does Not Grant Approval

If the Court does not grant preliminary or final approval of the Settlement, the Parties will work together in good faith to address the concerns raised in denying preliminary or final approval. If the Parties are unable to jointly agree on solutions to address the court's concerns, then the Parties shall request the assistance of Judge Denlow or another mediator agreed to by the Parties, unless the parties agree not to use a mediator. Similarly, if the parties are unable to reach agreement on the terms of the settlement documents, then the Parties shall request the assistance of Judge Denlow or another mediator, unless the Parties agree not to use a mediator.

### 24. Authorization to Enter into Settlement Agreement

Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to affect the implementation of the Settlement.

### 25. Binding on Successors and Assigns

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

### 26. Illinois Law Governs; Change in Law Will Not Invalidate Settlement

All terms of this Settlement Agreement and the Attachment(s) hereto shall be governed by and interpreted according to the laws of the State of Illinois. An intervening change in law or court decision shall not invalidate this Settlement Agreement.

25

27. **Counterparts**

This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Electronic signatures compliant with the ESIGN Act and signatures transmitted by fax or .pdf shall have the same effect as an original ink signature.

28. **This Settlement is Fair, Adequate and Reasonable**

The Parties warrant and represent they have conducted a thorough investigation of the facts and allegations in the Action. The Parties further represent and warrant that they believe this Settlement Agreement represents a fair, adequate and reasonable Settlement of this action and that they have arrived at this Settlement Agreement through extensive arms-length negotiations, taking into account all relevant factors, present and potential.

29. **Media Statements**

The Parties shall agree as to a statement that can be made in the event of press or media inquiries.

30. **Jurisdiction of the Court**

The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the Settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

31. **Cooperation and Drafting**

Each of the Parties has cooperated in the drafting and preparation of this Settlement Agreement. Hence, in any construction made to this Settlement Agreement, the same shall not be construed against any of the Parties.

26

32.     **Invalidity of Any Provision**

Before declaring any provision of this Settlement Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement valid and enforceable.

33.     **Circular 230 Disclaimer**

Each Party to this Settlement Agreement acknowledges and agrees that (1) no provision of this Settlement Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers regarding this Settlement Agreement, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (2) each Party (A) has relied exclusively upon his, her or its own, independent legal and tax advisers for advice (including tax advice) in connection with this Settlement Agreement, (B) has not entered into this Settlement Agreement based upon the recommendation of any Party or any attorney or advisor to any other Party, and (C) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other Party to avoid any tax penalty that may be imposed on that Party; and (3) no attorney or adviser to any other Party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Settlement Agreement.

DATED: _04/12/2021_        Lamont Davis

*Lamont Davis*
_____
Settlement Class Representative


DATED: _04/08/2021_        Nakea Blount

*Nakea Blount*
_____
Settlement Class Representative


DATED: _04/09/2021_        Shamikkah Slaughter

*Shamikkah Slaughter*
_____
Settlement Class Representative


DATED: _4-6-21_        Heartland Employment Services, LLC

By: *Shaan E Wallace*
_____

Its: *Associate General Counsel*
_____

28

# ATTACHMENT A

## NOTICE OF CLASS ACTION SETTLEMENT
*Davis v. Heartland Employment Services, LLC,* Case No. 1:19-cv-00680 (N.D. Ill.)

### 1. Introduction

A federal court in Chicago preliminarily approved a class action settlement in the lawsuit *Davis v. Heartland Employment Services, LLC,* 1:19-cv-00680 (the "Lawsuit").

The Court has approved this Notice to inform you of your rights in the settlement. As described in more detail below, you may:

    (1) request a settlement payment and give up certain legal claims you have;

    (2) exclude yourself from the settlement, not receive a settlement payment and not give up any legal claims;

    (3) object to the settlement; or

    (4) do nothing, not receive a settlement payment, and give up certain legal claims you have.

Before any money is paid, the Court will decide whether to grant final approval of the settlement.

### 2. What Is this Lawsuit About?

This Lawsuit is about whether Heartland Employment Services, LLC ("Heartland") violated the the Illinois Biometric Information Privacy Act ("BIPA"). BIPA prohibits private companies from capturing, obtaining, storing, transferring, and/or using an individual's biometric identifiers and/or biometric information, including a fingerprint or identifying information based on a fingerprint, without first providing an individual with certain written disclosures and obtaining written consent. The Lawsuit alleges that Heartland violated BIPA by collecting fingerprint data from its employees in Illinois through its biometric timekeeping system without first providing written notice or obtaining written consent. The Lawsuit also alleges that Heartland did not timely destroy fingerprint data for employees after they stopped working for Heartland. Finally, the Lawsuit alleges that Heartland disclosed fingerprint data to its timekeeping vendor without consent.

Heartland denies the allegations in the Lawsuit and denies any violation of the law. Heartland maintains, among other things, that: the collected data does not fall within BIPA; there never was any data breach; and there never was any risk of a data breach.

Both sides agreed to the settlement to resolve the Lawsuit. The Court did not decide whether Heartland violated the law.

You can learn more about the Lawsuit by contacting the settlement administrator, Analytics Consulting LLC, at 1-xxx-xxx-xxxx, or Settlement Class Counsel, Werman Salas P.C., at (312) 419-1008, or The Fish Law Firm, P.C. at (630) 355-7590. You may also review the Settlement Agreement and related case documents at the settlement website: www.HeartlandFingerScanSettlement.com

1

### 3. Who Is Included in the Settlement?

The settlement includes all current and former Heartland employees in Illinois, including those who worked at HCR ManorCare, Arden Courts, and Heartland Healthcare locations, who used a fingertip scanner to clock in and out between December 18, 2013 and April 23, 2019, excluding those persons subject to individual arbitration agreements who did not opt-out of those arbitration agreements ("Settlement Class" or "Settlement Class Members").

There are an estimated 10,836 Settlement Class Members.

### 4. What does the Settlement Provide?

The class action settlement provides for a total payment of $5,418,000.00 that Heartland has agreed to pay to settle the claims of Settlement Class Members. Subject to Court approval, the gross settlement fund shall be reduced by the following: (1) an award of up to one third of the total settlement for Settlement Class Counsel's attorney fees (estimated to be $1,806,000) and litigation costs (not to exceed $55,000); (2) Service Awards of $10,000 each to the three Settlement Class Representatives; and (3) the Settlement Administrator's costs of up to $75,000. Following these reductions, the remaining amount shall be the net settlement fund which shall be distributed equally to Settlement Class Members who timely return valid claim forms ("Settlement Class Participants").

The amount of money each Settlement Class Participant will receive will depend on the number of Settlement Class Members who timely return valid claim forms. For example, if 50% of the estimated 10,836 Settlement Class Members submit valid timely claim forms, the Parties estimate you will receive a payment in the approximate amount of **$640.**

Unless you exclude yourself from the settlement as explained below, you will give up all claims reasonably arising out of allegations in the Second Amended Class Action Complaint in this lawsuit, including allegations that Heartland improperly collected, stored, disclosed, or used Illinois employees' biometric identifiers and information obtained from its time clocks, including but not limited to claims arising under the Biometric Information Privacy Act, and all other federal, state, and local law, including the common law, as well as related claims for liquidated damages, penalties, attorneys' fees and costs, expenses, and interest. The full release of claims is set forth in the Settlement Agreement.

### 5. What Are Your Options?

(1) **Request a settlement payment**. *If you want to receive a settlement payment, you must complete and submit online, or postmark and mail for return, a claim form by ==Insert date 90 days from Notice distribution==.* You may return your claim form in the accompanying pre-paid envelope. Or you may also complete and submit a claim form online through the settlement website: www.HeartlandFingerScanSettlement.com. If you are a Settlement Class Member and you timely return a completed and valid claim form, and if the Court grants final approval of the settlement, you will receive a check or an electronic payment, depending on which method of payment you select on the claim form. If required by law, you may also be sent a 1099 tax reporting form.

(2) **Exclude yourself from the settlement and receive no money.** If you do not want to be legally bound by the settlement, you must exclude yourself from the settlement by **Insert date 90 days from Notice distribution**. If you do this, you will NOT get a settlement payment. To do so, you must mail or email your written request for exclusion to the Settlement Administrator (contact information below). Your written request for exclusion must include your full name, address, telephone number, the last four digits of your Social Security Number, a statement that you wish to be excluded from the settlement, and it must be signed by you. If you exclude yourself, you will not receive money from this settlement, but you will keep your legal rights regarding any claims that you may have against Heartland and the other Released Parties.

(3) **Object to the Settlement.** You may object to the settlement by **Insert date 90 days from Notice distribution**. If you want to object to the settlement, you must mail or email a written objection to the Settlement Administrator (contact information below), which includes your full name, address, telephone number, the last four digits of your Social Security Number, the grounds for the objection, and copies of any other documents that you wish to submit in support your objection. Any objection must also be personally signed by you. If you exclude yourself from the settlement, you cannot file an objection.

(4) **Do Nothing.** You may choose to do nothing. If you do nothing, you will receive no money from the settlement, but you will still be bound by all orders and judgments of the Court. You will not be able to file or continue a lawsuit against the Released Parties regarding any legal claims arising out of allegations in the Second Amended Class Action Complaint.

**6.    How do I update my Contact Information?**

You must notify the Settlement Administrator of any changes in your mailing address so that your settlement award, should you request one, will be sent to the correct address. To update your address, contact the Settlement Administrator, listed below.

**7.    Who Are the Attorneys Representing the Class and How Will They Be Paid?**

The Court has appointed Settlement Class Counsel, identified below, to represent Settlement Class Members in this settlement. Settlement Class Counsel will request one-third of the total settlement amount as attorney fees plus reimbursement of their costs. You may review Settlement Class Counsel's request for attorney fees and costs at the settlement website, www.HeartlandFingerScanSettlement.com, after **Insert date 60 days from Notice distribution.** You will not have to pay Settlement Class Counsel from your settlement award or otherwise. You also have the right to hire your own attorney at your own expense.

| | |
|---|---|
| Douglas M. Werman | David Fish |
| Zachary C. Flowerree | Mara Baltabols |
| Werman Salas P.C. | The Fish Law Firm, P.C. |
| 77 West Washington Street | 200 East Fifth Ave. |
| Suite 1402 | Suite 123 |
| Chicago, IL 60602 | Naperville, IL 60563 |
| (312) 419-1008 | (630) 355-7590 |
| HeartlandSettlement@flsalaw.com | admin@fishlawfirm.com |

### 8. When is the Final Approval Hearing?

The Court will hold a hearing in this case on **Insert date and time from preliminary approval order**, to consider, among other things, (1) whether to finally approve the settlement; (2) a request by the lawyers representing all class members for an award of no more than one-third of the settlement as attorney fees (estimated to be $1,806,000.00) plus litigation costs (not to exceed $55,000); and (3) a request for Service Awards of $10,000.00 each for Settlement Class Representatives Lamont Davis, Nakea Blount, and Shamikkah Slaughter; and (4) a request for up to $75,000.00 to the Settlement Administrator. You may appear at the hearing, but you are not required to do so.

Seven days before the final approval hearing, the Settlement Administrator will post on the Settlement website whether the final approval hearing will be held by telephone or in person (and will provide phone number or courtroom information).

If you have any questions or for more information, contact the Settlement Administrator or Settlement Class Counsel at:

| Settlement Administrator | Settlement Class Counsel |
|---|---|
| Analytics Consulting LLC<br>Address Line 1<br>Address Line 2<br>Telephone Number<br>Email address | Douglas M. Werman<br>Zachary C. Flowerree<br>Werman Salas P.C.<br>77 West Washington Street, Ste. 1402<br>Chicago, IL 60602<br>(312) 419-1008<br>HeartlandSettlement@flsalaw.com<br><br>David Fish<br>Mara Baltabols<br>The Fish Law Firm, P.C.<br>200 East Fifth Ave.<br>Suite 123<br>Naperville, IL 60563<br>(630) 355-7590<br>admin@fishlawfirm.com |

**PLEASE DO NOT CONTACT THE COURT OR HEARTLAND ABOUT THIS SETTLEMENT.**

4

**CLAIM FORM**
(*FILL OUT THIS OR SUBMIT ONLINE TO RECEIVE A PAYMENT*)
*Davis v. Heartland Employment Services, LLC,* Case No. 1:19-cv-00680 (N.D. Ill.)

To receive a settlement payment, your completed Claim Form must be submitted online or postmarked and mailed to the Settlement Administrator on or before Insert date 90 days from Notice distribution.

You can return a completed Claim Form by U.S. mail in the pre-paid envelope that was mailed to you or submit a claim electronically at the settlement website: www.Heartland FingerScanSettlement.com.

You will only receive a settlement payment if you timely return this Claim Form and the Court grants final approval of the settlement.

By signing below, you affirm that you are a member of the Settlement Class as defined by Section 3 of the Notice of Class Action Settlement.

Printed Name: _____   Signature: _____

Date: _____   Phone Number: _____

Street Address: _____   City: _____

State: ___ Zip Code: _____   Email: _____

Insert Settlement Administrator's Contact Information

**How I Wish to Receive Payment**

Please check one of the boxes below to indicate how you would like to receive your settlement payment. If you indicate "electronic payment," instructions will be emailed to you for how to receive payment. If you do not make a selection, you will be mailed a physical check to the address identified above.

    ☐   Electronic payment
    ☐   A physical check by mail